TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00581-CR







Gary Gravis, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 97-2904, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 A jury found appellant Gary Gravis guilty of one count of capital murder (1) and two
counts of aggravated robbery. (2) The court assessed punishment at life imprisonment for each of
the three offenses. Appellant appeals his conviction, asserting in five points of error that: (1) the
trial court erred in denying his request to excuse the jury panel; (2) section 7.02(b) of the Texas
Penal Code is unconstitutional on its face and as applied to appellant in that it violates the Due
Process Clause of the Fourteenth Amendment to the United States Constitution; (3) section 7.02(b)
of the Texas Penal Code is unconstitutional on its face and as applied to appellant in that it violates
the Due Course of Law provision of the Texas Constitution; (4) the trial court erred in allowing
the State's attorney to make improper jury arguments; and (5) appellant received ineffective
assistance of counsel. We will overrule appellant's points of error and affirm the judgment of
conviction.


FACTUAL AND PROCEDURAL BACKGROUND


 Because appellant does not challenge the sufficiency of the evidence to support the
conviction, only a brief summary of the facts is needed. On September 24, 1996, appellant drove
two acquaintances, Patrick Golden and Ron Cox, to the residence of Will and Gwen Hampton for
the purpose of burglarizing the residence. Golden and Cox entered the home and, finding the
Hamptons at home, robbed them, shooting and killing Will Hampton in the process. Golden and
Cox then returned to the vehicle driven by appellant, and the three proceeded to Cox's home. 
Thereafter, Golden and appellant drove to several stores to make purchases using credit cards
stolen from Gwen Hampton.

 Appellant was indicted in a three count indictment for the capital murder of Will
Hampton and the aggravated robbery of Will Hampton and Gwen Hampton. The indictment
alleged that appellant was a party to the offenses and knew that a deadly weapon would be used
and exhibited. Following a jury trial, appellant was adjudged guilty of all three offenses. 
Punishment was automatically assessed at life imprisonment on the capital murder conviction (3) and
the trial judge assessed punishment of life imprisonment on each aggravated robbery conviction.




DISCUSSION


 In his first point of error appellant complains that the trial court erred in denying
his request to excuse the jury panel. The record reflects that, prior to jury selection, appellant's
counsel objected to the jury panel based on his belief that members of the panel witnessed
appellant being escorted into the courtroom by sheriff's deputies. Appellant's counsel testified that
the deputies led appellant down the hallway leading to the courtroom, passing by persons
assembled outside the courtroom, and that the deputies asked the people to step to one side of the
hallway to make way for appellant. A deputy testified that due to construction at the courthouse
he was unable to bring appellant to the courtroom via the "back way," as was the usual practice. 
The evidence showed that appellant was wearing a white shirt and tie and that he was not
handcuffed, although he was wearing a leg brace under his clothes.

 Appellant argues that his right to be tried before an impartial jury with the
presumption of innocence was violated when the trial court refused to dismiss the jury panel. 
Appellant refers this Court to numerous cases indicating that the physical restraint of a defendant
while in the jury's presence infringes upon the constitutional presumption of innocence. See, e.g.,
Clark v. State, 717 S.W.2d 910, 918 (Tex. Crim. App. 1986); Moore v. State, 535 S.W.2d 357,
358 (Tex. Crim. App. 1976); Thompson v. State, 514 S.W.2d 275, 277 (Tex. Crim. App. 1974). 
Appellant argues that even though he was not in handcuffs, the fact that he was obviously in
custody is enough to infringe upon his constitutional right to be presumed innocent. We disagree.

 The court of criminal appeals has distinguished the mere presence of guards at trial
from the shackling of the accused. See Sterling v. State, 830 S.W.2d 114, 117 (Tex. Crim. App.
1992). Unlike the shackling of a defendant, the presence of guards is not inherently prejudicial;
therefore, the accused must show actual prejudice. (4) Id. at 118.

 The record in the instant case does not support a finding that appellant suffered
actual prejudice. There is no evidence that any juror in the case was among those gathered when
appellant was escorted into the courtroom. Even if jury members were among those in the
hallway, there is no evidence that the deputies were particularly conspicuous or disruptive beyond
the momentary request to move to the side, nor that seeing the appellant with the guards in any
way affected jury deliberations or the verdict. See Clark, 717 S.W.2d at 919 (no evidence that
momentary, inadvertent encounter between jury members and defendant affected verdict or
punishment).

 Because the required showing of actual prejudice is absent, we hold that the trial
court did not abuse its discretion in overruling appellant's objection and denying his request to
excuse the jury panel. Appellant's first point of error is overruled.

 In his fourth point of error, appellant argues that the trial court erred in allowing
the prosecutor to make improper jury arguments. Specifically, appellant complains about the
following three statements, arguing that they went beyond the scope of permissible jury argument:


 I guess what it boils down to is you 12 people have the decision and I don't
know how many times I have heard when are they going to do something about it? 
People are getting away with murder these days. [Closing argument]



 People are saying today's criminals are getting away with murder. I am
telling you each and every one of you can stop that here today. The decision is
yours. I am asking you to follow the law, follow the evidence and do the right
thing, see that justice is done today, here for the State of Texas, for Gwen
Hampton and for Will Hampton who can't speak. [Closing argument]


 Why are you here? In opening statement, Mr. Smith told you, each and
every one of you are here to administer justice, justice for the State, justice for Ms.
Hampton. [Closing argument]



Counsel for appellant objected to each of these statements, but the objections were overruled. 
Appellant now argues that these statements constitute an improper plea for law enforcement. We
disagree.

 The state may properly plead for law enforcement, including arguing the
relationship between the jury's verdict and the deterrence of crime in general, arguing that juries
should deter specific crimes by their verdicts, and arguing the impact of the jury's verdict on the
community. See Borjan v. State, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990). What the State
may not do, however, is argue that the community or any particular group in the community
demands or expects a verdict of guilty or a specific punishment. Id. (emphasis added).

 The statements made by the State's attorney at issue in this appeal constitute proper
pleas for law enforcement. At no point do they refer to the expectations or demands of the
community. In Cortez v. State, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984), the court quoted
numerous jury arguments that improperly asked the jury to follow community sentiment rather
than the law. None of the language condemned by Cortez was used in the instant case. Rather,
the State's argument asked the jury to deter specific crimes with its verdict and suggested a general
plea for law enforcement. See generally Norris v. State, 902 S.W.2d 428, 444-45 (Tex. Crim.
App.), cert. denied, 516 U.S. 890 (1995); Cook v. State, 858 S.W.2d 467, 477 (Tex. Crim. App.
1993). Further, the State clearly asked the members of the jury to follow the law and the evidence
and to base their verdict thereon.

 We agree with the State that the extensive discussions and holdings in Norris and
Cook support our conclusion that the prosecutor's argument in the instant case was within the
proper bounds of jury argument. See Norris, 902 S.W.2d at 444-45; Cook, 858 S.W.2d at 477. 
We therefore hold that the trial court did not abuse its discretion in overruling appellant's
objections. Appellant's fourth point of error is overruled.

 In his fifth point of error, appellant argues that he received ineffective assistance
of counsel when his trial attorney failed to request and obtain an instruction on "dependent
personality disorder." Appellant argues that he was entitled to such a jury instruction; that by
failing to request the instruction his counsel's representation fell below professional norms; and
that there is a reasonable probability that the result of the trial would have been different but for
the deficiency.

 The State asserts that because dependent personality disorder is not a recognized
defense, the trial court was not authorized--much less required--to give such an instruction. 
Appellant counters that he was entitled to an instruction on dependent personality disorder not as
a defense but rather under "the well-settled principle that a defendant is entitled to an instruction
on every issue raised by the evidence."

 We need not reach the question of whether dependent personality disorder could
form the basis of a valid jury instruction because, even assuming that such an instruction is legally
supportable, appellant has failed to meet his burden of showing ineffective assistance of counsel. 
The burden of proof an accused has in proving ineffective assistance is set forth with clarity and
completeness in Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990):


 The test to be applied in determining ineffective assistance of counsel is
found in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). As this Court has previously noted, no mechanistic formula is provided by
Strickland:


 The benchmark for judging any claim of ineffectiveness must
be whether counsel's conduct is so undermined the proper
functioning of the adversarial process that the trial cannot be relied
on as having produced a just result.


Butler v. State, 716 S.W.2d 48, 54 (Tex. Cr. App. 1986) quoting Strickland, 104
S.Ct. at 2064. A defendant seeking relief under Strickland must show that
counsel's performance was deficient and the defendant must show that the deficient
performance prejudiced the defense. Butler, 716 S.W.2d at 54.



 The first prong of the Strickland test requires us to decide whether appellant has
demonstrated that counsel's performance was unreasonable under the prevailing professional
norms and that the challenged action was not sound trial strategy. Strickland, 466 U.S. at 688. 
To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel
made such serious errors that he "was not functioning as the 'counsel' guaranteed the defendant
by the Sixth Amendment." Id. at 687. We must presume defense counsel provided reasonable
professional assistance; the defendant must present proof to overcome this presumption. See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A strong presumption exists that
counsel's actions might be considered sound trial strategy. Id. Appellate courts will not speculate
about counsel's trial strategy; an appellant may, however, rebut the presumption of effectiveness
by providing a record from which the court may determine that trial counsel's performance was
not based on sound strategy. Id. at 771-72.

 In this case, we have no record from which we may discern trial counsel's strategy. 
Appellant did not raise ineffectiveness of counsel through a motion for new trial and a request for
hearing at which he could have developed such a record. See Reyes v. State, 849 S.W.2d 812,
815 (Tex. Crim. App. 1993) (defendant may raise ineffective assistance of counsel claim and
develop record in proceeding on motion for new trial). Nothing in the appellate record
demonstrates that counsel's trial strategy with regard to the complained-of omission was so
deficient as to constitute ineffective representation by counsel. In the absence of such a record,
appellant cannot in this direct appeal overcome the strong presumption that trial counsel's strategy
was reasonable from counsel's perspective at trial. The record before us is insufficient to support
such a conclusion. See Jackson, 877 S.W.2d at 771-72. The "defense" of dependent personality
disorder is not so well established that the mere failure to request an instruction, without more,
meets the burden of showing ineffective assistance of counsel. Appellant's fifth point of error is
overruled.

 In points of error three and four, appellant argues that section 7.02 of the Texas
Penal Code is unconstitutional on its face and as applied to him because it violates the due process
clause of the United States Constitution or, alternatively, the due course of law provision of article
I section 19 of the Texas Constitution. From the outset, we note that appellant does not argue that
the Texas Constitution's due course of law provision provides greater protection than the United
States Constitution's due process clause. The State responds initially that appellant waived his
facial challenge to the constitutionality of section 7.02 because he failed to raise the issue at the
trial court level. We disagree. "Questions involving the constitutionality of a statute upon which
a defendant's conviction is based should be addressed by appellate courts, even when such issues
are raised for the first time on appeal." Rabb v. State, 730 S.W.2d 751, 752 (Tex. Crim. App.
1987). We therefore turn to the merits of appellant's facial constitutional challenge.

 Appellant asserts that section 7.02(b) of the Texas Penal Code is unconstitutional
because it excuses the State from pleading and proving a culpable mental state. In support,
appellant guides this Court to one of the most basic concepts of criminal law: in order to constitute
a crime, the prohibited act must be accompanied by a mens rea. See Cook v. State, 884 S.W.2d
485, 487 (Tex. Crim. App. 1994); see also Alford v. State, 866 S.W.2d 619, 622 (Tex. Crim.
App. 1993). However, we do not agree that section 7.02(b) lacks a mens rea requirement. 
Section 7.02(b) provides:


 If, in the attempt to carry out a conspiracy to commit one felony, another
felony is committed by one of the conspirators, all conspirators are guilty of the
felony actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have
been anticipated as a result of the carrying out of the conspiracy.



Tex. Penal Code. Ann. § 7.02(b) (West 1994). While this section allows criminal responsibility
for the conduct of another, thereby eliminating the necessity for proof of intent to commit the
felony actually committed, it does not excuse the state from proving a culpable mental state. In
fact, the statute requires the state to show that the defendant had both the mens rea to engage in
a conspiracy and the culpable mental state to commit the underlying, i.e., the intended, felony. 
The mental state required for the underlying felony supplies the mens rea for the felony actually
committed by the co-conspirator.

 Section 7.02(b) is not unique in allowing the underlying felony to supply the
requisite mens rea for the felony actually committed; this is exactly what occurs with the felony
murder statute. See Tex. Penal Code Ann. § 19.02(b)(3) (West 1994). Under the felony murder
rule, the mental state for the actual murder is supplied by the mental state required for the
underlying felony committed. See Rodriquez v. State, 548 S.W.2d 26, 29 (Tex. Crim. App.
1977). As the Rodriquez court explained, "[t]he transference of the mental element establishing
criminal responsibility for the original act to the resulting act conforms to and preserves the
traditional mens rea requirement of the criminal law." Id. (addressing constitutionality of felony
murder rule).

 Having found that section 7.02(b) is not facially unconstitutional, we now turn to
appellant's contention that the statute is unconstitutional as applied to him. As a preliminary
matter, we note the State's argument that appellant waived his "as applied" point of error by
failing to lodge a proper objection at trial. The State relies on Holland v. State, 802 S.W.2d 696,
699 (Tex. Crim. App. 1991), and Ex parte Crispen, 777 S.W.2d 103, 105 (Tex. Crim. App.
1989). However, we need not resolve the waiver argument because even assuming that appellant
may assert his "as applied" challenge for the first time on appeal, we conclude that the statute was
not unconstitutional as applied to appellant.

 Appellant asserts that section 7.02(b) is unconstitutional as applied to him because
he had no reason to anticipate a murder would be committed. The crux of appellant's argument
is based on his own testimony relating facts he avers show lack of knowledge that a murder would
be committed. However, our review of the record reveals evidence upon which a reasonable jury
could have found that appellant should have anticipated the murder. Further, the trial court
properly instructed the jury that the offense (here murder) must be an offense "that should have
been anticipated as a result of the carrying out of the conspiracy." Appellant has wholly failed
to present any facts unique to him to support his contention that section 7.02(b) was
unconstitutional as applied. We find appellant's argument to be without merit.

 Having found section 7.02(b) constitutional both facially and as applied to appellant,
we overrule appellant's second and third points of error.


CONCLUSION



 We affirm the judgment of conviction.



 
 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: December 17, 1998

Publish
1. See Tex. Penal Code Ann. § 19.03 (West 1994).
2. See Tex. Penal Code Ann. § 29.03 (West 1994).
3. See Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 1999).
4. We recognize that Sterling involved the presence of guards in the courtroom during trial
rather than accompanying the defendant into the courtroom. We find this distinction to be
irrelevant for purposes of applying the arguments and holding set forth in Sterling.



ord v. State, 866 S.W.2d 619, 622 (Tex. Crim.
App. 1993). However, we do not agree that section 7.02(b) lacks a mens rea requirement. 
Section 7.02(b) provides:


 If, in the attempt to carry out a conspiracy to commit one felony, another
felony is committed by one of the conspirators, all conspirators are guilty of the
felony actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have
been anticipated as a result of the carrying out of the conspiracy.



Tex. Penal Code. Ann. § 7.02(b) (West 1994). While this section allows criminal responsibility
for the conduct of another, thereby eliminating the necessity for proof of intent to commit the
felony actually committed, it does not excuse the state from proving a culpable mental state. In
fact, the statute requires the state to show that the defendant had both the mens rea to engage in
a conspiracy and the culpable mental state to commit the underlying, i.e., the intended, felony. 
The mental state required for the underlying felony supplies the mens rea for the felony actually
committed by the co-conspirator.

 Section 7.02(b) is not unique in allowing the underlying felony to supply the
requisite mens rea for the felony actually committed; this is exactly what occurs with the felony
murder statute. See Tex. Penal Code Ann. § 19.02(b)(3) (West 1994). Under the felony murder
rule, the mental state for the actual murder is supplied by the mental state required for the
underlying felony committed. See Rodriquez v. State, 548 S.W.2d 26, 29 (Tex. Crim. App.
1977). As the Rodriquez court explained, "[t]he transference of the mental element establishing
criminal responsibility for the original act to the resulting act conforms to and preserves the
traditional mens rea requirement of the criminal law." Id. (addressing constitutionality of felony
murder rule).

 Having found that section 7.02(b) is not facially unconstitutional, we now turn to
appellant's contention that the statute is unconstitutional as applied to him. As a preliminary
matter, we note the State's argument that appellant waived his "as applied" point of error by
failing to lodge a proper objection at trial. The State relies on Holland v. State, 802 S.W.2d 696,
699 (Tex. Crim. App. 1991), and Ex parte Crispen, 777 S.W.2d 103, 105 (Tex. Crim. App.
1989). However, we need not resolve the waiver argument because even assuming that appellant
may assert his "as applied" challenge for the first time on appeal, we conclude that the statute was
not unconstitutional as applied to appellant.

 Appellant asserts that section 7.02(b) is unconstitutio