TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00717-CR






Gary Allen McCutchen, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR96-010, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING







 Appellant Gary Allen McCutchen was convicted in a jury trial of the offense of
possessing with the intent to deliver four grams or more but less than 200 grams of
methamphetamine. See Tex. Health & Safety Code Ann. §§ 481.102(6), 481.112(a)(d) (West
Supp. 1999). The trial court assessed appellant's punishment at imprisonment for 30 years. On
appeal, appellant asserts that the evidence is legally insufficient, he received ineffective assistance
of counsel, and the trial court erred in refusing a hearing to determine the admissibility of
extraneous offenses. We will overrule appellant's points of error and affirm the trial court's
judgment.

 In his second point of error, appellant declares that the evidence is insufficient to
support the verdict. Appellant contests the legal but not the factual sufficiency of the evidence. 
In reviewing the legal sufficiency of the evidence, the test is whether, after viewing the evidence
in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994); Geesa v. State, 820
S.W.2d 154,156 (Tex. Crim. App. 1991); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim.
App. 1988). To establish unlawful possession of a controlled substance, the State must prove
beyond a reasonable doubt that the defendant exercised care, custody, control, and management
over the contraband and that the defendant knew that the substance being possessed was
contraband. See Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988); Harmond v.
State, 960 S.W.2d 404, 406 (Tex. App.--Houston [1st Dist.] 1998, no pet.); Hackleman v. State,
919 S.W.2d 440, 444 (Tex. App.--Austin 1996, pet. ref'd untimely filed).

 In the apartment that the officers searched, they found all of the apparatus,
chemicals, and precursor substances necessary for, and those customarily used in, the
manufacturing of methamphetamine. More than four grams of methamphetamine were found in
the apartment. Although appellant did not lease the apartment, it was shown that he had for six
months or more lived in the apartment with other persons. Appellant slept in a "cubbyhole" under
a stairway on the first floor. In the cubbyhole officers found a personal letter addressed to
appellant, a chemistry book, plastic bags, and a scale that measured in grams. In the same
cubbyhole, the officers found 200 ephedrine pills wrapped in paper towels and 55.2 grams of
partially crushed pseudoephedrine pills. There was evidence that ephedrine and pseudoephedrine
pills are precursor substances used for making methamphetamine. There was testimony that on
several occasions appellant had delivered methamphetamine to a customer. In accord with the
evidence, the court's jury charge allowed the jury to consider whether appellant was guilty either
as a principal or a party to the charged offense. This evidence is ample for a rational trier of fact
to conclude beyond a reasonable doubt that all of the essential elements of the charged offense
were proved. We hold that the evidence is legally sufficient to support the jury's verdict that
appellant either acting as a principal or as a party was guilty of possessing with the intent to
deliver more than four grams of methamphetamine. Appellant's second point of error is
overruled.

 In his first point of error, appellant contends that his trial counsel was ineffective
because counsel failed to have appellant's motion to suppress evidence heard by the trial court. 
To show ineffective assistance of counsel, appellant must show that: (1) counsel's performance
was deficient, in that counsel made such serious errors that he was not functioning effectively as
counsel; and (2) the deficient performance prejudiced the defense to such a degree that appellant
was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Shaw v. State, 874 S.W.2d 115, 118 (Tex.
App.--Austin 1994, pet. ref'd); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992,
pet. ref'd).

 Appellant's trial counsel filed a motion to suppress the evidence that had been
obtained by officers armed with a search warrant. The record shows that: (1) defense counsel
was provided copies of the search warrant and the supporting affidavit prior to trial; (2) the trial
court ruled and refused to grant the motion to suppress evidence; and (3) copies of the affidavit
and warrant were admitted in evidence at trial as defendant's exhibits 3 and 4. Appellant does not
say how a more formal hearing with testimony of witnesses would have helped his defense. Even
on appeal, appellant has not argued that the affidavit was in any way deficient. Furthermore,
appellant has not argued that any unlawfully obtained evidence was admitted. On the record
before us, appellant has failed to overcome the presumption that trial counsel was acting
effectively at all times. See Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998);
Gravis v. State, 982 S.W.2d 933, 937 (Tex. App.--Austin 1998, pet. ref'd). Moreover, "in most
instances, the record on direct appeal is inadequate to develop an ineffective assistance claim." 
Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997); Jackson v. State, 973 S.W.2d
954, 957 (Tex. Crim. App. 1998); Ex parte Duffy, 607 S.W.2d 507, 512-13 (Tex. Crim. App.
1980). "Hence, in most ineffective assistance claims, a writ of habeas corpus is essential to
gathering the facts to adequately evaluate such claims." Ex parte Torres, 943 S.W.2d at 475. 
Appellant's first point of error is overruled.

 In his third point of error, appellant urges that: "the trial court erred in refusing
to allow a proper hearing on extraneous offenses," and argues that "a whispered conference at the
bench is not a satisfactory substitute" for conducting a hearing. Appellant's challenge on appeal
is concerned with only the procedure used. The procedure used fails to show the trial court
committed error. However, we will more fully discuss the matter shown by the record. Prior to
trial, the State, in response to appellant's discovery motions, furnished defense counsel with more
than 50 pages from its file. This included detailed arrest and offense reports of some 40 pages,
the affidavit for the search warrant, the search warrant, laboratory reports, and photographs. This
gave appellant a complete review of the State's case and eliminated any surprises.

 On appeal, appellant makes a general reference to the testimony of Chastity Lopez,
and a conclusory statement that "the jury was allowed to hear testimony of many extraneous bad
acts and/or offenses." Appellant does not point out one specific instance when inadmissible
evidence of an extraneous offense was admitted. During the testimony of Lopez, the State
informed the court that it did not want to violate the court's order on the motion in limine, but felt
that Lopez's testimony that appellant had delivered methamphetamine to her apartment would be
admissible. Out of the hearing of the jury, defense counsel and the prosecutor discussed and
argued before the court whether Lopez's expected testimony was relevant and whether its
probative value outweighed its possible prejudicial effect. After counsel's argument before the
court, the court told defense counsel that he could have a "standing objection," thus implicitly
overruling appellant's objection. Lopez then testified that on several occasions appellant had
delivered methamphetamine to her at her apartment. Lopez's testimony was relevant to prove the
element of the charged offense that appellant's possession of methamphetamine was with the intent
and for the purpose of delivery. See Tex. R. Evid. 401, 402. This evidence was admissible as
an exception provided by the rules of evidence to show appellant's knowledge and his intent in
possessing the methamphetamine. See Tex. R. Evid. 404(b). It was well within the trial court's
discretion to find that the probative value of the evidence outweighed its potentially prejudicial
effect. See Tex. R. Evid. 403. We conclude that the trial court, in the circumstances shown by
the record, did not err in not conducting a more formal hearing. Appellant's third point of error
is overruled.



 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Yeakel and Dally*

Affirmed

Filed: July 29, 1999

Do Not Publish













* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 would have helped his defense. Even
on appeal, appellant has not argued that the affidavit was in any way deficient. Furthermore,
appellant has not argued that any unlawfully obtained evidence was admitted. On the record
before us, appellant has failed to overcome the presumption that trial counsel was acting
effectively at all times. See Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998);
Gravis v. State, 982 S.W.2d 933, 937 (Tex. App.--Austin 1998, pet. ref'd). Moreover, "in most
instances, the record on direct appeal is inadequate to develop an ineffective assistance claim." 
Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997); Jackson v. State, 973 S.W.2d
954, 957 (Tex. Crim. App. 1998); Ex parte Duffy, 607 S.W.2d 507, 512-13 (Tex. Crim. App.
1980). "Hence, in most ineffective assistance claims, a writ of habeas corpus is essential to
gathering the facts to adequately evaluate such claims." Ex parte Torres, 943 S.W.2d at 475. 
Appellant's first point of error is overruled.

 In his third point of error, appellant urges that: "the trial court erred in refusing
to allow a proper hearing on extraneous offenses," and argues that "a whispered conference at the
bench is not a satisfactory substitute" for conducting a hearing. Appellant's challenge on appeal
is concerned with only the procedure used. The procedure used fails to show the trial court
committed error. However, we will more fully discuss the matter shown by the record. Prior to
trial, the State, in response to appellant's discovery motions, furnished defense counsel with more
than 50 pages from its file. This included detailed arrest and offense reports of some 40 pages,
the affidavit for the search warrant, the search warrant, laboratory reports, and photographs. This
gave appellant a complete review of the State's case and eliminated any surprises.

 On appeal, appellant makes a general reference to the testimony of Chastity Lopez,
and a conclusory statement that "the jury was allowed to hear testimony of many extraneous bad
acts and/or offenses." Appellant does not point out one specific instance when inadmissible
evidence of an extraneous offense was admitted. During the testimony of Lopez, the State
informed the court that it did not want to violate the court's order on the motion in limine, but felt
that Lopez's testimony that appellant had delivered methamphetamine to her apartment would be
admissible. Out of the hearing of the jury, defense counsel and the prosecutor discussed and
argued before the court whether Lopez's expected testimony was relevant and whether its
probative value outweighed its possible prejudicial effect. After counsel's argument before the
court, the court told defense counsel that he could have a "standing objection," thus implicitly
overruling appellant's objection. Lopez then testified that on several occasions appellant had
delivered methamphetamine to her at her apartment. Lopez's testimony was relevant to prove the
element of the charged offense that appellant's possession of methamphetamine was with the intent
and for the purpose of delivery. See Tex. R. Evid. 401, 402. This evidence was admissible as
an exception provided by the rules of evidence to show appellant's knowledge and his intent in
possessing the methamphetamine. See Tex. R. Evid. 404(b). It was well within the trial court's
discretion to find that the probative value of the evidence outweighed its potentially prejudicial
effect. See Tex. R. Evid. 403. We conclude that the trial court, in the circumstances shown by
the record, did not err in not conducti