TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00267-CR







Armando Celestino Zapata, Sr. A/K/A Armando Selestino Zapata, Sr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 97-173, HONORABLE VIRGIL MULANAX, JUDGE PRESIDING







 Appellant Armando Celestino Zapata A/K/A Armando Selestino Zapata was
convicted in a jury trial of the offense of operating a motor vehicle in a public place while
intoxicated. See Tex. Penal Code Ann. §§ 49.04, 49.09 (West 1994 & Supp. 1999). The jury
assessed appellant's punishment, enhanced by a prior felony driving while intoxicated conviction, 
at imprisonment for 20 years and a fine of $10,000. On appeal, appellant asserts that the evidence
does not support his conviction, he was denied effective assistance of trial counsel, and the trial
court erroneously allowed the jury to assess punishment. We will overrule appellant's points of
error and affirm the trial court's judgment.

 It was alleged in the indictment that:


 ARMANDO CELESTINO ZAPATA, SR. A/K/A ARMANDO
SELESTINO ZAPATA, SR., hereinafter styled Defendant, on or about the 26th
day of April 1997, and before the presentment of this indictment in the County and
State aforesaid, did then and there operate a motor vehicle in a public place while
intoxicated, to-wit: while not having the normal use of mental and physical
faculties by reason of the introduction of alcohol into the body.


 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the offense alleged above (hereafter styled the "primary
offense"), on the 17th day of June 1968, in Cause No. 10,258 in the County Court
of Caldwell County, Texas, the Defendant was convicted of the offense of Driving
While Intoxicated.


 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the primary offense, on the 3rd day of August 1970, in Cause
No. 10,739 in the County Court of Caldwell County, Texas, the Defendant was
convicted of the offense of Driving while Intoxicated.


 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the primary offense, on the 2nd day of August 1972, in Cause
No. 11,323 in the County Court of Caldwell County, Texas, the Defendant was
convicted of the offense of Driving While Intoxicated.


 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the primary offense, on the 12th day of December 1973, in
Cause No. 11,659 in the County Court of Caldwell County, Texas, the Defendant
was convicted of the offense of Driving While Intoxicated.


 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the primary offense, on the 11th day of January 1978, in Cause
No. 12,783 in the County Court of Caldwell County, Texas, the Defendant was
convicted of the offense of Driving While Intoxicated.


 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the primary offense, on the 21st day of May 1985, in Cause
No. 9278 in the 22nd Judicial District Court of Caldwell County, Texas, the
Defendant was convicted of the offense of Driving While Intoxicated.


 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the primary offense, on the 14th day of November 1986, in
Cause No. 9605 in the 22nd Judicial District Court of Caldwell County, Texas, the
Defendant was convicted of the offense of Driving While Intoxicated - Third
Offense.


 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the primary offense, on the 14th day of November 1986, in
Cause No. 9606 in the 22nd Judicial District Court of Caldwell County, Texas, the
Defendant was convicted of the offense of Driving While Intoxicated - Third
Offense.


 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the primary offense, on the 15th day of September 1988, in
Cause No. 88-0048 in the 22nd Judicial District Court of Caldwell County, Texas,
the Defendant was convicted of the offense of Driving While Intoxicated - Third
Offense.

 

ENHANCEMENT



 AND THE GRAND JURORS AFORESAID do further present that before
the commission of the offense alleged above (hereafter styled the primary offense), 
on the 18th day of March 1993, in Cause No. 92-258 in the 22nd Judicial District
Court of Caldwell County, Texas, the Defendant was convicted of the offense of
Driving While Intoxicated.


 AGAINST THE PEACE AND DIGNITY OF THE STATE.



 In his first point of error, appellant contends that the evidence is insufficient to
support his felony conviction. Appellant does not challenge the sufficiency of the evidence to
support the primary offense. His claim is that proof of the alleged previous convictions of
operating a motor vehicle while intoxicated did not meet the requirements of article 49.09(e) of
the Penal Code because it was not shown that any of the previous offenses were committed within
ten years of the commission of the primary offense.

 Article 49.09 in pertinent part provides:


(e) A conviction may not be used for purposes of enhancement under this section
if:


 (1) the conviction was a final conviction under Subsection (d) and was for
an offense committed more than 10 years before the offense for which
the person is being tried was committed; and


 (2) the person has not been convicted of an offense under Section 49.04,
49.05. 49.06, 49.07, or 49.08 or any offense related to operating a
motor vehicle while intoxicated committed within 10 years before the
date on which the offense for which the person is being tried was
committed.



Tex. Penal Code Ann. § 49.09(e) (West Supp. 1999).

 To obtain a felony conviction, the only previous conviction that was alleged to have
been committed within ten years of the commission of the primary offense was the conviction in
cause number 88-0048 in the District Court of Caldwell County. The judgment in that cause
shows that it was committed on February 13, 1988. The primary offense in this cause was
committed on April 26, 1997 which was within ten years of the commission of the offense in cause
number 88-0048. Certified copies of the judgments in cause numbers 88-0048, 9605, and 9606
were admitted in evidence.

 The attorney who represented the defendant in cause numbers 88-0048, 9605, and
9606 testified in the trial of this case and identified the appellant in this case as the defendant in
cause numbers 88-0048, 9605, and 9606. Proof of two previous driving while intoxicated
convictions are sufficient to raise the punishment to the felony level; however, the State is not
precluded from alleging and proving more than two previous driving while intoxicated
convictions. See Phillips v. State, 992 S.W.2d 491, 492 (Tex. Crim. App. 1999); Read v. State,
955 S.W.2d 435, 436-37 (Tex. App.--Fort Worth 1997, pet. ref'd). Appellant contends that
cause number 88-0048 was a conviction in Hays County and that the State failed to show that the
defendant in that case was appellant; we find that the record clearly shows appellant is mistaken. 
We hold that appellant's attack on the sufficiency of the evidence is without merit and overrule
the first point of error.

 In points of error two, three, four, and five, appellant declares that his trial counsel
"rendered reversible ineffective assistance." To show ineffective assistance of counsel, appellant
must show that: (1) trial counsel's performance was deficient, in that counsel made such serious
errors that he was not functioning effectively as counsel; and (2) the deficient performance
prejudiced the defense to such a degree that appellant was deprived of a fair trial. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986); O'Hara v. State, 837 S.W.2d 139 (Tex. App.--Austin 1992, pet. ref'd).

 Appellant first complains that trial counsel did not object to the admission of State's
Exhibits 1 through 6, 9 and 12 when they were offered in evidence by the State. Exhibits 1
through 6 and 9 were certified copies of judgments of previous driving while intoxicated
convictions alleged in the indictment. Exhibit 12 was a stipulation of evidence made when the
judgment of conviction in cause number 88-0048 was obtained (Exhibit 9). Although the name
of the defendant in each of these exhibits is the same as appellant, appellant says the identity of
names is insufficient proof that he was the person convicted of the previous offenses. Even though
appellant may be correct in his argument relating to the identity of names, the record in this case
shows more. As explained in the discussion of point of error number one, the attorney who
represented the defendant named in the judgment in cause number 88-0048 in Caldwell County
(State's Exhibit 9), testified and identified appellant in this case as the same person convicted in
cause number 88-0048. The same witness testified that State's Exhibit 12 was a stipulation of
evidence entered into and signed by appellant when he was convicted in cause number 88-0048. 
In that stipulation (State's Exhibit 12), appellant confessed and stipulated that he was the person
who had been convicted in cause numbers 10,258 (State's Exhibit 1), 10,739 (State's Exhibit 2),
11,323 (State's Exhibit 3), 11,659 (State's Exhibit 4), 12,738 (State's Exhibit 5), and 9278 (State's
Exhibit 6). In view of this evidence, an objection by appellant's trial counsel would have been
without merit and properly overruled by the trial court. Trial counsel's failure to object when
these exhibits were offered and admitted in evidence does not demonstrate ineffectiveness of trial
counsel.

 Next, appellant faults his trial counsel because he did not move for an instructed
verdict on grounds that the State had failed to prove appellant was the same person convicted of
the alleged previous offenses. For the reasons we have pointed out, such a motion would have
been meritless.

 Finally, appellant complains that trial counsel was ineffective because he did not
request a jury charge or object to the trial court's failure to charge the jury on "second or
subsequent offense." Appellant was not entitled to a charge on the lesser included offenses,
because the evidence does not show that appellant, if guilty, was guilty only of the lesser included
offenses. See Fuentes v. State, 991 S.W.2d 267, 272-73 (Tex. Crim. App. 1999).

 Appellant has failed to show that trial counsel's performance was deficient and has,
therefore, failed to show that he was denied the effective assistance of counsel. Appellant has
failed to overcome the strong presumption that trial counsel was acting effectively. See Gravis
v. State, 982 S.W.2d 933, 937 (Tex. App.--Austin 1998, pet. ref'd). We overrule appellant's
points of error two, three, four, and five.

 In his sixth point of error, appellant urges that the trial court erred in submitting
the issue of punishment to the jury. Appellant points out that there is no written instrument in the
appellate record showing that appellant elected to have the jury assess his punishment. See Tex.
Code Crim. Proc. Ann. art. 37.07, § 2(b) (West Supp 1999). However, as the State points out,
the record indicates that there was such a motion. Immediately after jury voir dire, the record
shows:

 

[PROSECUTOR]: Sure, I'm -- because of the time limit, I didn't get to the
punishment part. I'm assuming that the jury's going to decide
punishment, right?


[DEFENSE COUNSEL]: That's what the motion was and that's what he wants, 
 yes.


[PROSECUTOR]: I want you to know that we hadn't really talked to you about
that on the record today. But my understanding is it's a jury
punishment decision if we get that far. So that may --


THE COURT: Nobody went into voir dire on that.


[PROSECUTOR]: Neither one of us did. I ran out of time, but I wanted you to
know that.


THE COURT: That's what I heard.



 Furthermore, there is a presumption of the regularity of the judgment absent a
showing to the contrary. Vega v. State, 707 S.W.2d 557, 558-59 (Tex. Crim. App. 1986);
Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). The burden is on the
defendant to overcome the presumption. See Ex parte Wilson, 716 S.W.2d 953, 956 (Tex. Crim.
App. 1986); Hackey v. State, 500 S.W.2d 520-21 (Tex. Crim. App. 1973). In this case, the
judgment states:


 We, the jury, find the Defendant, Armando Celestino Zapata, Sr. A/K/A
Armando Selestino Zapata, Sr., guilty of the offense of Driving While Intoxicated-Subsequent Offense, as alleged in the indictment.


 James A. Smith

 Foreman of the Jury


 Thereupon, the Defendant having elected to have his punishment assessed
by the jury, the jury was called back into the box, and after having heard the
enhancement paragraph read and Defendant's plea of "true" thereto, and after
having heard evidence relative to the question of punishment, they retired to
consider such question . . . .



There was no objection when the trial court allowed the jury to assess appellant's punishment. 
Relying on the regularity of the judgment, we hold that appellant elected to have his punishment
assessed by the jury. The trial court did not err in allowing the jury to assess punishment. 
Appellant's sixth point of error is overruled.

 In his seventh point of error, appellant complains that: "Trial counsel rendered
reversible ineffective assistance of counsel to appellant in the punishment phase of the trial having
failed to either object to the submission of the issue of punishment to the jury or obtain appellant's
consent and the State's consent to change of election prior to proceeding to punishment phase." 
The Strickland standard for determining effective assistance of counsel is now applicable to the
punishment phase of noncapital cases. See Hernandez v. State, 988 S.W.2d 770, 770-74 (Tex.
Crim. App. 1999).

 Appellant argues that "no trial strategy favors the jury in this case" and that "a
judge might and probably would have assessed 16 years, but the jury was a guaranteed 20." We
need not reiterate our discussion of the record made in our disposition of point of error six relating
to the assessment of punishment. We will not speculate and judge trial counsel's effectiveness by
hindsight. Appellant has failed to demonstrate that trial counsel's performance was deficient and 
that he made such serious errors that he was not functioning effectively as counsel. Appellant has
failed to overcome the presumption that trial counsel was acting effectively at all times. See
Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); Gravis v. State, 982 S.W.2d at
937. Appellant's seventh point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Kidd and Dally*

Affirmed

Filed: August 12, 1999

Do Not Publish

* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



UTOR]: Neither one of us did. I ran out of time, but I wanted you to
know that.


THE COURT: That's what I heard.



 Furthermore, there is a presumption of the regularity of the judgment absent a
showing to the contrary. Vega v. State, 707 S.W.2d 557, 558-59 (Tex. Crim. App. 1986);
Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). The burden is on the
defendant to overcome the presumption. See Ex parte Wilson, 716 S.W.2d 953, 956 (Tex. Crim.
App. 1986); Hackey v. State, 500 S.W.2d 520-21 (Tex. Crim. App. 1973). In this case, the
judgment states:


 We, the jury, find the Defendant, Armando Celestino Zapata, Sr. A/K/A
Armando Selestino Zapata, Sr., guilty of the offense of Driving While Intoxicated-Subsequent Offense, as alleged in the indictment.


 James A. Smith

 Foreman of the Jury


 Thereupon, the Defendant having elected to have his punishment assessed
by the jury, the jury was called back into the box, and after having heard the
enhancement paragraph read and Defendant's plea of "true" thereto, and after
having heard evidence relative to the question of punishment, they retired to
consider such question . . . .



There was no objection when the trial court allowed the jury to assess appellant's punishment. 
Relying on the regularity of the judgment, we hold that appellant elected to have his punishment
assessed by the jury. The trial court did not err in allowing the jury to assess punishment. 
Appellant's sixth point of error is overruled.

 In his seventh point of error, appellant complains that: "Trial counsel rendered
reversible ineffective assistance of counsel to appellant in the punishment phase of the trial having
failed to either object to the submission of the issue of punishment to the jury or obtain appellant's
consent and the State's consent to change of election prior to proceeding to punishment phase." 
The Strickland standard for determining effective assistance of counsel is now applicable to the
punishment phase of noncapital cases. See Hernandez v. State, 988 S.W.2d 770, 770-74 (Tex.
Crim. App. 1999).

 Appellant argues that "no trial strategy favors the jury in this case" and that "a
judge might and probably would have assessed 16 years, but the jury was a guaranteed 20." We
need not reiterate our discussion of the record made in our disposition of point of error six relating
to the assessment of punishment. We will not speculate and judge trial counsel's effectiveness by
hindsight. Appellant has failed to demonstrate that trial counsel's performance was deficient and 
that he made such serious errors that he was not functioning effectively as counsel. Appellant has
failed to overcome the presumption that trial counsel was acting effectively at all times. See
Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); Gravis v. State, 982 S.W.2d at
937. Appellant's seventh point of error is overruled.

 The judgment is affirmed.