TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00712-CR







Elbert B. Galindo, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 198TH JUDICIAL DISTRICT


NO. 4449, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING








 Appellant Elbert B. Galindo, Jr. appeals from his conviction of four counts of
indecency with a child. See Tex. Penal Code Ann. § 21.11 (West 1994). The jury assessed
appellant's punishment at imprisonment for fifteen years and one day. Appellant's sole complaint
is that he did not have effective assistance of counsel. We will affirm.

 Appellant contends that he was not afforded his federal and state constitutional
rights and his statutory right to the effective assistance of counsel. See U.S. Const. amend. VI;
Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (West 1977). The Court of
Criminal Appeals has "never squarely decided the scope of Texas' right to counsel constitutional
provision [but has] consistently held it is no more protective than its federal counterpart." 
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); see Hernandez v. State, 726
S.W.2d 53, 56-57 (Tex. Crim. App. 1986). The Strickland v. Washington standard for
determining the effectiveness of counsel applies to both federal and state constitutional claims. 
466 U.S. 668 (1984). The Strickland standard now applies to the punishment phase as well as the
guilt-innocence phase of trial in non-capital felony offenses. See Hernandez, 988 S.W.2d at 772.

 To show ineffective assistance of counsel, appellant must show that:  (1) counsel's
performance was deficient, in that counsel made such serious errors that he was not functioning
effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree
that appellant was deprived of a fair trial. See Strickland, 466 U.S. at 687; Hernandez, 726
S.W.2d at 57; Shaw v. State, 874 S.W.2d 115, 118 (Tex. App.--Austin 1994, pet. ref'd); O'Hara
v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). Counsel's performance is
to be judged by the "totality of representation" provided. Strickland, 466 U.S. at 690; Butler v.
State, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986). In deciding an ineffective-assistance claim,
this Court must judge the reasonableness of counsel's challenged conduct on the facts of the
particular case, viewed at the time of counsel's conduct--not by hindsight. We must then
determine, in light of all the circumstances, whether the acts or omissions are outside the wide
range of professionally competent assistance. See Strickland, 466 U.S. at 690. Appellant bears
a heavy burden to prove his ineffective assistance claim. Counsel is strongly presumed to have
provided adequate assistance and to have made all significant decisions in the exercise of
reasonable professional judgment. See id. We must not look at the errors of counsel in a
vacuum. As a general rule, isolated instances in the record reflecting errors of omission or
commission do not necessarily render counsel's representation ineffective. See McFarland v.
State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992); Ex parte Owens, 860 S.W.2d 727, 729
(Tex. App.--Austin 1993, pet. ref'd).

 Appellant has combed the record with a critical eye; he faults trial counsel for
failing to file pretrial motions, to object to inadmissible evidence, and to preserve error. Trial
counsel is also faulted for improperly cross-examining witnesses, using poor trial strategy, and
using inconsistent defenses.

 The offenses for which appellant has been convicted were committed in McCulloch
County and appellant was tried in McCulloch County, but when the jury was unable to reach a
verdict, a mistrial was declared. On a change of venue, the case was moved to Kerr County for
retrial. Trial counsel who represented appellant in McCulloch County was also trial counsel in
the Kerr County trial. The reporter's record in the McCulloch County trial is not before us, but
it would be reasonable to believe that counsel who was successful enough in appellant's defense
to avoid a guilty verdict in the first trial would have used the same theories and the same strategy
in the second trial in Kerr County.

 On the record before us, we are unable to find that trial counsel was ineffective. 
After the verdict in the Kerr County trial, counsel, other than trial counsel, was appointed to
represent appellant on appeal. Newly appointed counsel filed a motion for new trial but did not
allege that appellant's trial counsel was ineffective. No hearing on the motion for new trial was
requested, and the motion was overruled by operation of law. "In most instances, the record on
direct appeal is inadequate to develop an ineffective assistance claim." Ex parte Torres, 943
S.W.2d 469, 475 (Tex. Crim. App. 1997); see also Ex parte Duffy, 607 S.W.2d 507, 512-13
(Tex. Crim. App. 1980); Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998);
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Vasquez v. State, 830 S.W.2d
948, 951 (Tex. Crim. App. 1992) (Benavides, J., dissenting). "Hence, in most ineffective
assistance claims, a writ of habeas corpus is essential to gathering the facts to adequately evaluate
such claims." Ex parte Torres, 943 S.W.2d at 475. Considering the record before us, "appellant
has failed to overcome the presumption that trial counsel was acting effectively at all times." 
Oldham, 977 S.W.2d at 363; see Gravis v. State, 982 S.W.2d 933, 937 (Tex. App.--Austin 1998,
pet. ref'd). Appellant's points of error are overruled.

 The judgment is affirmed.



 


 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: October 14, 1999

Do Not Publish





* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



t must judge the reasonableness of counsel's challenged conduct on the facts of the
particular case, viewed at the time of counsel's conduct--not by hindsight. We must then
determine, in light of all the circumstances, whether the acts or omissions are outside the wide
range of professionally competent assistance. See Strickland, 466 U.S. at 690. Appellant bears
a heavy burden to prove his ineffective assistance claim. Counsel is strongly presumed to have
provided adequate assistance and to have made all significant decisions in the exercise of
reasonable professional judgment. See id. We must not look at the errors of counsel in a
vacuum. As a general rule, isolated instances in the record refle