TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00413-CR







Mario Hernandez Caballero, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR98-271, HONORABLE JACK H. ROBISON, JUDGE PRESIDING








 Appellant Mario Hernandez Caballero was convicted in a jury trial on Count I of
attempted sexual assault, on Count II of assault against a family member enhanced by two prior
convictions, and on Count III of the violation of a protective order enhanced by committing an
assault. See Tex. Penal Code Ann. §§ 15.01, 22.011; 22.01(a)(1), (b)(2); 25.07(a)(g) (West 1994
& Supp. 2000). The trial court assessed appellant's punishment for Count I at imprisonment for
ten years and a fine of $5,000, for Count II at confinement in a state jail facility and a fine of
$5,000, and for Count III at imprisonment for ten years and a fine of $5,000.

 In his sole point of error, appellant asserts that his appointed "defense counsel's
prior prosecution of appellant presented a conflict of interest in violation of U.S. Const. Amend.
VI, Texas Const. Art. I, sec. 10, and the Code of Criminal Proc. § 2.08, thereby denying
appellant effective assistance of counsel." We will affirm the judgment.

 After trial, appointed trial counsel was replaced by retained counsel, who filed a
motion for new trial. The motion alleged that trial counsel had a conflict of interest, and that
counsel failed to advise appellant of this conflict. Therefore, appellant insists his rights were
severely prejudiced requiring the trial court to grant a new trial. Trial counsel and appellant
testified on the motion for new trial.

 To enhance appellant's punishment in Count II, it was alleged that appellant was
previously convicted of an assault in Comal County Court at Law, in Cause Number 94CR370. 
On the hearing of the motion for new trial, defense counsel was shown to have been employed
previously as an assistant county attorney for Comal County. While an assistant county attorney,
he signed, presented, and filed the information charging appellant with the offense of which he
was convicted in Cause Number 94CR370. However, another assistant county attorney
represented the State when appellant was prosecuted and convicted in Cause Number 94CR370.

 Appellant argues that because his appointed trial counsel had represented the State
in filing the information in Cause Number 94CR370, counsel's representation in this case "clearly
amounted to an actual conflict of interest." Appellant complains this conflict was especially
egregious because counsel did not advise him of the conflict.

 The facts in this case are very similar to those in Hernandez v. Johnson, 108 F.3d
554 (5th Cir. 1997), in which the same issues were presented. Hernandez received the death
penalty for capital murder. See id. at 558-60. Nine years prior to the capital murder trial, one
of Hernandez's appointed attorneys, Charles Borchers had been the elected District Attorney in
Webb County. See id. While Borchers was the district attorney, Hernandez was convicted of
aggravated assault with a deadly weapon and of murder. See id. In connection with the murder
charge, Borchers requested a psychiatric evaluation of Hernandez. See id. Borchers signed a
motion to dismiss a related indictment after Hernandez pled guilty to aggravated assault and
Borchers "probably approved" the plea bargain. See id. Borchers signed two applications for
subpoenas and moved to dismiss related charges after appellant pled guilty. See id. Hernandez's
prior convictions were admitted in evidence in his capital murder trial. Id.

 In the federal habeas corpus proceeding, Hernandez contended that Borchers's 
service as district attorney during the time he was convicted of the prior offenses created an actual
conflict of interest adversely affecting Borchers performance under Cuyler v. Sullivan, 446 U.S.
335 (1980) and Texas Code of Criminal Procedure Article 2.08. See Hernandez, 108 F.3d at 558-60. The Fifth Circuit Court found that Borchers's involvement was not personal or substantial
enough to give rise to an actual conflict under Cuyler. See id. In these circumstances, where
Borchers was "only tenuously and nominally connected to the prior cases against Hernandez" it
could not be said he "actively" represented conflicting interests as contemplated by Cuyler. See
id.

 Citing Cuyler, appellant insists that his trial counsel rendered ineffective assistance
of counsel due to a conflict of interest. Appellant's reliance on Cuyler is misplaced. Cuyler does
not apply to the type of conflict appellant alleges occurred here. Cuyler's application is limited
to conflicts presented by counsel's representation of multiple co-defendants or the representation
of both a defendant and witnesses or other interested parties. See Beets v. Scott, 65 F.3d 1258,
1268 (5th Cir. 1995). In the type of conflict of interest alleged by appellant, Strickland v.
Washington, 466 U.S. 668 (1984), rather than Cuyler furnishes the standard for determining
effectiveness of counsel. See Monreal v. State, 947 S.W.2d 559, 565 (Tex. Crim. App. 1997);
Beets, 65 F.3d at 1265-68.


To prevail on an ineffective assistance claim, appellant bears the burden of proving
(1) that counsel's performance was deficient and (2) that the deficiency prejudiced
his trial. To prove deficiency, appellant must demonstrate that counsel's
performance deviated from "prevailing professional norms." Strickland v.
Washington, 466 U.S. 668, 688 (1984); McFarland v. State, 845 S.W.2d 824,
842-43 (Tex. Crim. App. 1992). To prove prejudice, appellant must demonstrate
a reasonable probability that the result of his trial would have been different had
counsel not performed deficiently. A reasonable probability is a probability
sufficient to undermine confidence in the outcome of the proceeding. Strickland,
466 U.S. at 693; McFarland v. State, 845 S.W.2d at 842-43.



Cardenas v. State, No. 73,107, slip op. at 10 (Tex. Crim. App. April 26, 2000); see also Shaw
v. State, 874 S.W.2d 115, 118 (Tex. App.--Austin 1994, pet. ref'd); O'Hara v. State, 837 S.W.2d
139, 143 (Tex. App.--Austin 1992, pet. ref'd).

 In Count II, only one prior conviction was necessary to enhance punishment. The
State alleged and proved two prior convictions for enhancement. Only one of the alleged prior
convictions was subject to the alleged conflict of interest. In these circumstances, appellant has
failed to show that the alleged conflict of interest prejudiced his trial to the extent that it
undermined confidence in the outcome of the proceeding.

 In his motion for new trial and on the hearing of the motion, appellant did not
seriously fault trial counsel's representation except for the alleged conflict of interest. However,
on appeal appellant lists numerous complaints alleging counsel was ineffective. These include 
counsel's allegations of failure to (1) file a motion in limine, "a fundamental trial tactic," (2)
seriously attempt to keep the enhancement convictions from being admitted in evidence, and
(3) object during voir dire "to the State's discussion of appellant's prior family violence
convictions used for enhancement purposes"; in addition, appellant claims (4) counsel's "decision
to allow appellant to testify is questionable," (5) counsel's "cross-examination appeared half-hearted at best," (6) trial counsel failed to call unbiased witnesses in support of appellant, (7)
counsel called only three witnesses to testify appellant was eligible for probation and needed
counseling, and (8) counsel called no witnesses to testify that appellant was employed. These
alleged deficiencies of trial counsel's representation raised on appeal after the hearing of the
motion for new trial are not sufficiently supported by the record to show counsel's alleged
deficiencies deviated from the "prevailing professional norms." Strickland, 466 U.S. at 693; see
Cardenas, No. 73,107, slip op. at 10; McFarland, 845 S.W.2d at 842-43. The alleged
constitutional and statutory violations are without merit. "In most instances, the record on direct
appeal is inadequate to develop an ineffective assistance claim." Ex parte Torres, 943 S.W.2d
469, 475 (Tex. Crim. App. 1997); Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App.
1998); Ex parte Duffy, 607 S.W.2d 507, 512-13 (Tex. Crim. App. 1980). On the record before
us, appellant has failed to overcome the presumption that trial counsel was acting effectively at
all times. See Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); Gravis v. State,
982 S.W.2d 933, 937 (Tex. App.--Austin 1998, pet. ref'd). Appellant's point of error is
overruled.


 The judgment is affirmed.



 


 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Jones and Dally*

Affirmed

Filed: May 4, 2000

Do Not Publish




















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).


McFarland v. State
, 845 S.W.2d at 842-43.



Cardenas v. State, No. 73,107, slip op. at 10 (Tex. Crim. App. April 26, 2000); see also Shaw
v. State, 874 S.W.2d 115, 118 (Tex. App.--Austin 1994, pet. ref'd); O'Hara v. State, 837 S.W.2d
139, 143 (Tex. App.--Austin 1992, pet. ref'd).

 In Count II, only one prior conviction was necessary to enhance punishment. The
State alleged and proved two prior convictions for enhancement. Only one of the alleged prior
convictions was subject to the alleged conflict of interest. In these circumstances, appellant has
failed to show that the alleged conflict of interest prejudiced his trial to the extent that it
undermined confidence in the outcome of the proceeding.

 In his motion for new trial and on the hearing of the motion, appellant did not
seriously fault trial counsel's representation except for the alleged conflict of interest. However,
on appeal appellant lists numerous complaints alleging counsel was ineffective. These include 
counsel's allegations of failure to (1) file a motion in limine, "a fundamental trial tactic," (2)
seriously attempt to keep the enhancement convictions from being admitted in evidence, and
(3) object during voir dire "to the State's discussion of appellant