TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00202-CR







Mitchell Woodbury, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 48,292, HONORABLE RICK MORRIS, JUDGE PRESIDING








 Appellant Mitchell Woodbury pleaded guilty and judicially confessed to the felony
offense of aggravated sexual assault of a child. See Tex. Penal Code Ann. § 22.021(a)(1)(B)
(West 1994 & Supp. 1999). The district court adjudged him guilty and assessed punishment at
imprisonment for forty years. On appeal, appellant asserts that he received ineffective assistance
of counsel during the punishment stage of trial in violation of the Sixth Amendment to the United
States Constitution and article I, section 10 of the Texas Constitution. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 Appellant was charged by indictment with intentionally and knowingly causing his
sexual organ to contact and penetrate the female sexual organ of a child younger than 14 years of
age on or about July 22, 1997. On February 8, 1999, appellant waived his right to a trial by jury
and pleaded guilty to aggravated sexual assault of a child. Appellant's judicial confession was
admitted into evidence. The district court deferred a finding of guilt and scheduled a punishment
hearing for February 18, 1999.

 Although appellant received both oral and written notice of the punishment hearing,
he failed to appear when the hearing commenced on February 18. The State moved to proceed
in appellant's absence pursuant to article 33.03 of the Texas Code of Criminal Procedure. See
Tex. Code Crim. Proc. Ann. art. 33.03 (West 1989). Appellant's attorney stated that he was not
prepared to proceed without appellant present but could not provide the court with any assurance
that appellant would appear if the hearing was rescheduled. The trial court granted the State's
request to proceed. 

 Five witnesses testified on behalf of the State, including a bail bondsman, two
minors other than the alleged victim and the minors' guardians. Appellant's attorney did not
cross-examine any of the State's witnesses or object to any of their testimony, nor did he present
any evidence or argument. At the close of the evidence, the court found appellant guilty of
aggravated sexual assault of a child and assessed punishment at imprisonment for forty years. (1)


DISCUSSION

 Appellant complains that his trial counsel failed to render effective assistance in six
respects: (1) counsel failed to object to the testimony of the two minors and their guardians based
upon relevancy to the punishment to be assessed for the offense of aggravated sexual assault of a
child; (2) counsel failed to object to the testimony of those witnesses based upon Texas Rule of
Evidence 403; (3) counsel failed to ask a single question of any of the State's witnesses on cross-examination; (4) counsel failed to cross-examine the second minor or object to the admission of
her witness statement; (5) counsel made no final argument; and (6) counsel permitted the State to
argue outside the record without objection. Appellant contends that his attorney's performance
fell below the standard of effective assistance of counsel at the punishment phase of a non-capital
trial as set out in Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980). The Duffy standard
asks "first, whether counsel was reasonably likely to render effective assistance, and second,
whether counsel reasonably rendered effective assistance." Craig v. State, 825 S.W.2d 128, 130
(Tex. Crim. App. 1992). 

 The court of criminal appeals recently reexamined the proper standard to be applied
to claims of ineffective assistance at the punishment phase in Hernandez v. State, 988 S.W.2d 770
(Tex. Crim. App. 1999). The court expressly overruled the application of the Duffy standard to
review these complaints and determined that the proper test to be applied is that enumerated in
Strickland v. Washington, 466 U.S. 668 (1984). Id. at 771.

 Accordingly, we review appellant's contention that he was denied the effective
assistance of counsel during the punishment phase of his non-capital trial pursuant to the two-prong Strickland test. To show ineffective assistance of counsel, appellant must show that: (1)
counsel's performance was deficient, falling below an objective standard of reasonableness; and
(2) the deficient performance prejudiced the defense to such a degree that appellant was deprived
of a fair trial. See Strickland, 466 U.S. at 687; Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986); Shaw v. State, 874 S.W.2d 115, 118 (Tex. App.--Austin 1994, pet. ref'd);
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). Appellant's burden
requires him to establish his claims by a preponderance of the evidence. See Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998) (citing McFarland v. State, 845 S.W.2d 824, 843 (Tex.
Crim. App. 1992)).

 The first prong of the Strickland test requires us to decide whether appellant has
demonstrated that counsel's performance was unreasonable under the prevailing norms and that
the challenged action was not sound trial strategy. See Strickland, 466 U.S. at 688. Appellant
must show that counsel made such serious errors that he "was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment." Id. at 687. We do not evaluate the
effectiveness of counsel in hindsight, but from counsel's perspective at trial. Id. at 689. We
assess the totality of the representation, rather than isolated acts or omissions. See Wilkerson v.
State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). 

 We are required to presume that counsel's conduct fell within the wide range of
reasonable professional assistance, and appellant must present proof to rebut the presumption that,
under the circumstances, the challenged act or omission "might be considered sound trial
strategy." See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (quoting
Strickland, 466 U.S. at 689); Hernandez, 726 S.W.2d at 55; O'Hara, 837 S.W.2d at 143. An
appellant generally accomplishes this by developing a record in a hearing on a motion for new trial
or an application for a writ of habeas corpus which focuses on counsel's conduct. See Jackson,
887 S.W.2d at 772 & n.3.

 Appellant first argues that his attorney was ineffective because he failed to object
to the testimony of the two minors and their respective guardians based upon Texas Rule of
Evidence 404(b). To establish ineffective assistance, appellant must show the challenged action
was not sound trial strategy. See Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992). 
An attorney's failure to object to admissible evidence does not constitute ineffective assistance of
counsel. See McFarland, 845 S.W.2d at 846; Gosch v. State, 829 S.W.2d 775, 789 (Tex. Crim.
App. 1991).

 At the punishment stage of trial, the parties may offer evidence of any matter the
court deems relevant to sentencing. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West
Supp. 1999). This may include evidence of an extraneous crime or bad act shown beyond a
reasonable doubt to have been committed by the defendant, whether or not the crime or act has
resulted in a conviction. Id. A trial court's actions as to the admissibility of extraneous offense
evidence is reviewed under an abuse of discretion standard. See Mitchell v. State, 931 S.W.2d
950, 953 (Tex. Crim. App. 1996). A trial court abuses its discretion if by no reasonable
perception of common experience it admits evidence that is not relevant by any reasonable
interpretation. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). 
Therefore, an appellate court should not disturb a trial court's decision to admit extraneous offense
evidence at the punishment stage of the trial as long as the ruling was at least within the zone of
reasonable disagreement. See id.

 During the punishment phase, the first minor called by the State testified that she
met appellant in September of 1996 when she was thirteen years old. She testified that while
sitting in front of her house with a friend, appellant drove by and waved. When she approached
appellant's car, he gave her his pager number, told her he was nineteen, and asked her to page
him. Shortly thereafter, she testified that she paged appellant and arranged a meeting. Appellant
picked her up at approximately 10 o'clock in the evening and drove to a local park, where he
produced a condom and asked her to have sex. When she refused, appellant took her home. The
minor's stepfather testified that when he confronted appellant about "messing around with 13-year-old girls," appellant denied any wrongdoing.

 The first minor's friend identified a statement she made to police describing events
that culminated in an act of sexual intercourse with appellant. At the time she and appellant had
sex, the second minor was twelve years old. Her mother testified that when she questioned
appellant about his involvement with her daughter and her daughter's friend, appellant said "that
he was married, that he was 19 years old, and what would he want with two 13-year-olds." The
mother of the second minor also testified that appellant showed no remorse nor did he promise to
stay away from the girls.

 In a prosecution for aggravated sexual assault of a child, evidence of two other
instances of appellant's involvement with young children, including one instance of alleged sexual
intercourse with a twelve-year-old, is relevant to his character, which is an issue in sentencing. 
See Cain v. State, 976 S.W.2d 228, 236-37 (Tex. App.--San Antonio 1998, no pet.) (citing
Pondexter v. State, 942 S.W.2d 577, 584 n.2 (Tex. Crim. App. 1996) (explaining relevancy of
character at sentencing as distinguished from guilt/innocence phase of trial)). We conclude that
the trial court did not abuse its discretion in admitting evidence of appellant's extraneous crimes
or bad acts. See Tex. R. Evid. 402. Because the testimony of the four witnesses was admissible,
appellant's counsel did not render ineffective assistance by failing to object. See McFarland, 845
S.W.2d at 846.

 Appellant next contends that while the extraneous offense evidence offered at the
punishment stage was arguably relevant to sentencing, the testimony was extremely prejudicial;
therefore, counsel should have at least requested that the trial court make a determination as to
whether the probative value of the evidence was substantially outweighed by the danger of unfair
prejudice. See Tex. R. Evid. 403. We reject appellant's contention. While the testimony of the
girls and their guardians was unquestionably prejudicial to appellant, the extraneous crimes and
bad acts were quite similar to the charged offense and therefore were inherently probative. See
Montgomery, 810 S.W.2d at 389-90, 393. Moreover, the extraneous crimes or bad acts testified
to allegedly occurred less than one year before the charged offense, further enhancing the
probative nature of the testimony. Finally, appellant does not suggest any unfair prejudice other
than that related to the similarity between the extraneous acts and the charged offense. Balancing
the compelling nature of the extraneous offense evidence against its prejudicial impact, we cannot
say that the trial court abused its discretion in admitting the evidence; therefore, appellant's
counsel did not render ineffective assistance by failing to object to the admission of the evidence
based upon Rule 403.

 Appellant's remaining complaints concern counsel's failure to cross-examine any
of the State's witnesses, in particular, his failure to cross-examine the second minor or object to
the admission of her statement; counsel's failure to present a closing argument; and counsel's
failure to object to various statements made by the State in its closing argument, including a
statement that a paternity test had proven conclusively that appellant was the father of the child
of the fourteen-year-old victim. Each of appellant's remaining complaints concern matters
inherently based on trial strategy. As stated previously, appellant has the burden to provide a
record from which we may determine that trial counsel's performance was not based on sound
strategy. See Mayhue v. State, 969 S.W.2d 503, 511 (Tex. App.--Austin 1998, no pet.) (citing
Jackson, 877 S.W.2d at 771). 

 In this case, appellant did not file a motion for new trial and request a hearing at
which he could have developed such a record. (2) See id. (citing Reyes v. State, 849 S.W.2d 812,
814-15 (Tex. Crim. App. 1993) (defendant may raise ineffective assistance of counsel claim and
develop record in proceeding on motion for new trial)). Hence, we have no record before us
focused on the conduct of counsel and the strategic bases for counsel's trial decisions. In the
absence of such a record, appellant cannot in this direct appeal overcome the strong presumption
that his trial counsel's strategy was reasonable from counsel's perspective at trial. See Ex parte
Duffy, 607 S.W.2d at 513 (where alleged errors are of omission, collateral attack may be vehicle
by which examination of alleged ineffectiveness may be developed and spread upon a record). 

 Nothing in the trial record reveals counsel's trial strategy with regard to the
omissions that appellant alleges show the ineffectiveness of counsel's representation. The record
before us is insufficient to support such a conclusion. See Jackson, 877 S.W.2d at 771-72; Gravis
v. State, 982 S.W.2d 933, 937 (Tex. App.--Austin 1998, pet. ref'd); Mayhue, 969 S.W.2d at 511;
O'Hara, 837 S.W.2d at 144. Because appellant has failed to show that his counsel's performance
was deficient under the first prong of the Strickland test, we need not address whether any alleged
deficient performance prejudiced the defense under Strickland's second prong. See Miranda v.
State, 993 S.W.2d 323, 329 (Tex. App.--Austin 1999, no pet.).


CONCLUSION

 Having overruled appellant's issues, we affirm the trial court's judgment.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: August 26, 1999

Do Not Publish
1. Following the February 18 punishment hearing, the parties filed a joint motion to abate
the appeal and remand the cause to district court for sentencing in appellant's presence in
accordance with article 42.03, section 1 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 1999). This Court granted the motion on May
13, 1999, and the district court pronounced sentence in appellant's presence on May 18, 1999. 
The appeal was reinstated on the docket of this Court without further order upon the receipt of the
supplemental record.
2. The record reflects that at the May 18 sentencing hearing, appellant, who was
represented at the hearing by an attorney appointed for appellate purposes, was told by the trial
judge that he had thirty days in which to file a motion for new trial.



ed its discretion in admitting the evidence; therefore, appellant's
counsel did not render ineffective assistance by failing to object to the admission of the evidence
based upon Rule 403.

 Appellant's remaining complaints concern counsel's failure to cross-examine any
of the State's witnesses, in particular, his failure to cross-examine the second minor or object to
the admission of her statement; counsel's failure to present a closing argument; and counsel's
failure to object to various statements made by the State in its closing argument, including a
statement that a paternity test had proven conclusively that appellant was the father of the child
of the fourteen-year-old victim. Each of appellant's remaining complaints concern matters
inherently based on trial strategy. As stated previously, appellant has the burden to provide a
record from which we may determine that trial counsel's performance was not based on sound
strategy. See Mayhue v. State, 969 S.W.2d 503, 511 (Tex. App.--Austin 1998, no pet.) (citing
Jackson, 877 S.W.2d at 771). 

 In this case, appellant did not file a motion for new trial and request a hearing at
which he could have developed such a record. (2) See id. (citing Reyes v. State, 849 S.W.2d 812,
814-15 (Tex. Crim. App. 1993) (defendant may raise ineffective assistance of counsel claim and
develop record in proceeding on motion for new trial)). Hence, we have no record before us
focused on the conduct of counsel and the strategic bases for counsel's trial decisions. In the
absence of such a record, appellant cannot in this direct appeal overcome the strong presumption
that his trial counsel's strategy was reasonable from counsel's perspective at trial. See Ex parte
Duffy, 607 S.W.2d at 513 (where alleged errors are of omission, collateral attack may be vehicle
by which examination of alleged ineffectiveness may be developed and spread upon a record). 

 Nothing in the trial record reveals counsel's trial strategy with regard to the
omissions that appellant alleges show the ineffectiveness of counsel's representation. The record
before us is insufficient to support such a conclusion. See Jackson, 877 S.W.2d at 771-72; Gravis
v. State, 982 S.W.2d 933, 937 (Tex. App.--Austin 1998, pet. ref'd); Mayhue, 969 S.W.2d at 511;
O'Hara, 837 S.W.2d at 144. Because appellant has failed to show that his counsel's performance
was deficient under the first prong of the Strickland test, we need not address whether any alleged
deficient performance prejudiced the defense under Strickland's second prong. See Miranda v.
State, 993 S.W.2d 323, 329 (Tex. App.--Austin 1999, no pet.).


CONCLUSION

 Having overruled appellant's issues, we affirm the trial court's judgment.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: August 26, 1999

Do Not Publish
1. Following the February 18 punishment hearing, the parties filed a joint motion to abate
the appeal and remand the cause to district court for sentencing in appellant's presence in
accordance with article 42.03, section 1 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 1999). This Court granted the motion on May
13, 1999, and the district court pronounced sentence in appellant's presence on May 18, 1999. 
The appeal was reinstated on the docket of this Court without further order upon the receipt of the
supplemental record.
2. The record reflects that at the May 18 sentencing hearing, appellant, who was
represented at the hearing by an attorney appointed for appellate purposes, was told by the trial
judge that h