Robert James RIDDICK, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–010–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 29, 1981.

David R. Bires, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction in a jury trial for aggravated robbery under Section 29.03 of the Texas Penal Code. The court assessed punishment at thirty years in the Texas Department of Corrections.

█ Appellant Riddick in his first ground of error contends that the evidence is insufficient to support the conviction. He argues that because the complainant only saw the barrel of a gun protruding from a bag the evidence is insufficient to show that a deadly weapon was used or exhibited by the appellant during the commission of the offense. The complainant, a bank teller, testified that during the course of the robbery appellant showed her the end of a gun sticking out of an unzipped black bag. She testified it was a pistol which was pointed toward her made of black gun metal with a hole in the barrel and a sight on the end of the barrel. She positively identified it as a pistol "without a doubt." Appellant never took the pistol out of the bag, but threatened twice to shoot her if she failed to give him all of her money or if he were stopped, although he did not otherwise point the pistol toward her. She drew a sketch of the pistol (gun) in the bag as appellant had shown her. No weapon was introduced in evidence.

In the instant case the indictment alleges the deadly weapon to be a firearm and appellant argues that there is no evidence that the alleged weapon was a firearm pursuant to Tex.Penal Code Ann. § 1.07(a)(11) (Vernon 1974). The complainant testified that appellant possessed a pistol; a pistol has been held to be a firearm and thus a deadly weapon per se. *Cain v. State*, 549 S.W.2d 707, 713 (Tex.Cr.App.1977). See

also: *Wright v. State,* 591 S.W.2d 458 (Tex. Cr.App.1978, reh. denied 1980) where complaining witness referred to the weapon as a "gun", "revolver" and a "pistol" at different places in the record. See also: *Williams v. State,* 567 S.W.2d 507 (Tex.Cr.App. 1978); *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.1977). Where the witness has positively identified the weapon as a pistol, we do not believe such testimony is an unfounded conclusion, or that it is required that she have seen the trigger, handle or cylinder or other indicia of a gun in order to support the conviction of the use of a deadly weapon, to wit, a firearm. The threats of the appellant to shoot also support the use of a firearm. The State does not have to prove the pistol was operative nor negate the exceptions of curio or antique. *Wright v. State,* 582 S.W.2d 845 (Tex.Cr.App.1979); *Walker v. State,* 543 S.W.2d 634 (Tex.Cr. App.1976). In the instant case as in *Walker,* there was no evidence presented that the pistol was incapable of firing or so designed. The cases cited by appellant are *Campbell v. State,* 577 S.W.2d 493 (Tex.Cr. App.1979) (use of an *air* pistol where the evidence was sufficient to show it was capable of causing death or bodily harm); *Denham v. State,* 574 S.W.2d 129 (Tex.Cr.App. 1978) (use of a butcher knife which is not a deadly weapon per se); and *Mosely v. State,* 545 S.W.2d 144 (Tex.Cr.App.1977) (use of an air or BB gun held not to be a firearm in light of testimony that it was not).

In his second ground of error appellant contends that he was denied his right to effective assistance of counsel. Since the United States Supreme Court decision of *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), and the Texas Court of Criminal Appeals decision in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App. 1981), when the trial court performance of a criminal defense attorney, appointed or retained, is "judged by the Sixth Amendment right to assistance of counsel made applicable to the states by the Fourteenth Amendment [and] also by our own 'right to be heard' provision of Article 1, Section 10, Bill of Rights, Constitution of Texas, the stan-

dard is 'reasonably effective assistance of counsel.'" In a footnote, the Court of Criminal Appeals mandates "a full scope of 'assistance'—representation, performance, delivery for effectiveness . . . and examination both of competence, 'likely to render,' and of assistance, 'and rendering,' in determining effectiveness of counsel." *Ex parte Duffy, supra* at 516. The determination of sufficiency of counsel must be made on the totality of the representation based on the particular circumstances of each individual case. *Ewing v. State,* 549 S.W.2d 392, 395 (Tex.Cr.App.1977); *Sanchez v. State,* 589 S.W.2d 422 (Tex.Cr.App.1979). Secondly, assertions of ineffective counsel shall be sustained only if they are "firmly founded." *Faz v. State,* 510 S.W. 922 (Tex.Cr.App. 1974). Finally, the court is not in a position to "second guess" through appellate hindsight, the strategy adopted by counsel at trial. *Faz v. State, supra; Sanchez v. State, supra; Blott v. State,* 588 S.W.2d 588 (Tex.Cr.App.1979).

Appellant contends that his trial attorney failed to object to the detective's improper bolstering of the complainant's identification testimony of the defendant in a show-up and in a photograph spread when such testimony had not been impeached. There was evidence of a discrepancy between the complaining witness and the officer and furthermore, the failure to object to every instance of improper evidence does not mean that appellant's representation was ineffective. *Ewing v. State, supra* at 395. It could further be classified as a trial strategy decision.

Appellant also urges that trial counsel was not prepared on the law or facts of the case, that he failed to raise evidence of the lesser included offense of robbery, that he failed to object to the court's failure to charge the lesser included offense of robbery, that he failed to request a circumstantial evidence charge or object to the court's failure to give such a charge with respect to the existence of a deadly weapon and that he failed to make objections to leading questions. There is no showing in the record of any defensive evidence that appel-

**712**

lant's trial counsel failed to raise on the lesser included offense of robbery. The failure to object to the court's charge and failure to request the instructions referred to, as well as failure to object to leading questions (though none are pointed to in the record) could likewise be classified as trial strategy. The record discloses that appellant's trial counsel conducted an extensive voir dire, argued at the hearing on the issue of the voluntariness of appellant's confession and prevented the State from introducing extraneous offenses of the appellant by not putting appellant on the witness stand. Furthermore, a charge on circumstantial evidence would have been inappropriate because the case rested on direct evidence. Our duty is to review the totality of representation and determine whether the appellant has been denied his constitutional right to effective assistance of counsel. *Ewing v. State, supra* at 396; *Long v. State,* 502 S.W.2d 139 (Tex.Cr.App.1973). In any event, upon a review of the record, we do not believe appellant was denied his constitutional right to reasonably effective assistance of counsel.

In his third ground of error appellant complains of the trial court's failure to include in the record findings of fact and conclusions of law relating to the voluntariness of his confession. These were made part of the supplemental record thereby rendering this ground of error moot.

 In his final ground of error appellant contends that the trial court erred in overruling the motion to suppress the confession. Appellant argues that he did not waive his right to counsel. The record shows that the statement executed by appellant was taken after his arrest after he was given adequate warnings and includes an express waiver of his right to an attorney as well as an affirmative statement that the confession was made of his own free will. The choice of a defendant to waive his right to remain silent and to have counsel present during questioning must be determined upon the totality of the circumstances. *Williams v. State,* 566 S.W.2d 919, 923 (Tex.Cr.App.1978). In the instant case

the State sustained its burden of proving the voluntariness of the confession, and the evidence was sufficient to support the findings of fact and conclusions of law made by the trial court in this respect.

The judgment is affirmed.