**Noe M. CHAPA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–437–CR.**

Court of Appeals of Texas, Corpus Christi.

June 4, 1987.

Ron Barroso, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, Jeffrey Babcock, Dist. Atty's. Office, Kingsville, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

On September 8, 1986, a jury found appellant guilty of aggravated robbery and the trial court sentenced appellant to twenty years' imprisonment.

Appellant brings two points of error, asserting trial court error in failing to grant appellant's motion to dismiss under the Texas Speedy Trial Act, Tex.Crim.Proc. Art. 32A.02 (Vernon Supp.1987), and claiming that the evidence is legally insufficient to support the indictment allegation.

■ By his first point, appellant asserts that, since he was committed into federal custody for the same offense on April 30, 1984, the State's failure to indict him until July 7, 1986, violated Tex.Code Crim.Proc. Art. 32A.02. Appellant argues that the State was required to have been ready for trial within 120 days from his federal arrest instead of from the time of the State's indictment.

■ A federal arrest does not trigger the provisions of the Texas Speedy Trial Act. *Fewell v. State,* 687 S.W.2d 807 (Tex. App.—Houston [14th Dist.] 1985, no pet.). This result is an outgrowth of the doctrine of dual sovereignty whereby an action against an accused by the federal government is distinct from an action against an accused by the State, even if for the same offense. No criminal action against appellant by the State of Texas began until he was indicted on July 7, 1986.

Therefore, calculating from July 7, 1986, until the State announced ready for trial on July 9, 1986, the State announced ready well within the 120 day period. Appellant's first point of error is overruled.

■ By his second point of error, appellant argues that elements of the offense were not proved beyond a reasonable doubt, as required by Tex.Penal Code Ann. § 2.01 (Vernon 1974). He claims that no one testified that the victim, Arturo Alvarez, was placed in fear of imminent bodily injury or death, nor that appellant was at the scene of the robbery or had a firearm.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

It is well-established that mere presence of a person at the scene of the crime, either before, during or after commission of the offense, or even flight from the scene, without more, is insufficient to sustain the conviction as a party to the offense; however, combined with other incriminating evidence, such might be sufficient to sustain the conviction. *Thompson v. State,* 697 S.W.2d 413, 415 (Tex.Crim.App.1985). Moreover, a totality of circumstances may render the evidence sufficient to prove the requisite elements of the offense. *Freeman v. State,* 654 S.W.2d 450, 456 (Tex. Crim.App.1983); *Dean v. State,* 697 S.W.2d 683, 686 (Tex.App.—Dallas 1985, pet. granted).

Appellant's indictment charges that:

On or about the 29th day of October, 1981, in Kleberg County, Texas, [he] did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property, intentionally and

knowingly threaten Auturo Alvarez with and place him in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely, a firearm.

The victim did not testify at trial. However, Michael Dawson, an employee at Mercantile National Bank, offered extensive testimony regarding the robbery. Dawson stated that on October 29, 1981, he was accompanying assistant vice-president Arturo Alvarez and Kingsville police officer Sam Diaz to the Kingsville Naval Air Station with a payroll of approximately $200,-000. En route, a man came running out from a side road and appeared to have been in an accident. Diaz pulled off the road about 100–200 feet and noticed a blue pickup truck parked ahead of them. Diaz parked the patrol car 20–30 yards away from the truck. After they had parked, a man ran up to the driver's side and pulled a gun on the driver, Diaz, and forced him out of the car. The man then ripped out the receiver to the police radio. Another man came out of the truck holding a shotgun, went to the other side of the car, opened the door and started unloading the money from the back seat. Dawson testified that a shotgun was pointed at him, and that he saw someone point a handgun at Alvarez. Dawson stated that he was scared and that Alvarez appeared to be scared. The men who committed the robbery were wearing Halloween masks. After committing the robbery, the men locked Dawson, Diaz, and Alvarez in the backseat of the patrol car and fled the scene in the truck. Dawson identified a mask, which was introduced into evidence at trial, as being the type of mask the men wore during the robbery.

David Telves, reporter for the Kingsville Record, was near the scene at the time of the robbery. He discovered the blue pickup parked behind a nearby church. The engine was still running and the driver side door was open. He noticed a Halloween mask on the front seat of the truck. At trial, Telves identified a picture of the inside of the truck with the mask on the seat.

Wilbur Johnson, fingerprint specialist with the Federal Bureau of Investigation, (FBI), matched appellant's fingerprints with latent prints taken from the police car and the pickup truck.

Manuel B. Lopez, Jr., appellant's cousin, also testified. Lopez stated that, one afternoon after the robbery, appellant brought a paper sack into his store, Lopez's Stop and Shop in Robstown, and asked to leave it in Lopez' storeroom because he was "going somewhere." Appellant frequented the store, and each time would go back to the storeroom. Lopez decided to investigate and found a bag of money in the ceiling of the restroom. Appellant told Lopez he had gotten the money in Dallas, but eventually told Lopez that the money had come from the robbery. Appellant told Lopez that he was a last minute substitute for the robbery and that Sam Diaz had planned the robbery. Lopez took the bag of money to his house and put it in his safe after he had "found out about it." Lopez' testimony was introduced without objection.

Finally, FBI agent Brian Marshall investigated this case and was present when appellant entered his plea of guilty to this offense in federal court. He identified the federal court records which were introduced into evidence in this action. Marshall stated that appellant, in federal court, admitted that he was one of the individuals that robbed Arturo Alvarez of his payroll shipment being taken to the Kingsville Naval Air Station.

The evidence herein establishes more than appellant's mere presence at the scene of the offense. We find the evidence sufficient to sustain appellant's conviction, and overrule appellant's second point of error.

The judgment of the trial court is AFFIRMED.