**John BANDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–420–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 15, 1988.

Alfredo Montelongo, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

A jury found John Banda guilty of aggravated robbery and the court, after finding that Banda had been convicted of two prior felonies and was therefore a habitual offender, assessed punishment at 35 years confinement. Banda appeals from the judgment by two points of error raising insufficiency of the evidence. We reverse the judgment of the trial court.

The State alleged and attempted to prove that appellant assisted in the commission of a theft by Jose Gonzales, his brother-in-law, at a local supermarket. It is the State's theory that appellant, Gonzales, and appellant's sister, Velma Velasques, drove to the supermarket in a white pickup truck. Gonzales entered the store and was seen by store security guard Robert Villarreal placing meat in his pants. Villarreal saw Gonzales wave to two unidentified individuals on his way out of the store. He followed Gonzales out of the store and confronted him in the parking lot by identifying himself as security and asking Gonzales to come back into the store. Gonzales first appeared to comply with the request by walking back toward the store, but then quickly turned and ran. Villarreal and several other store employees gave chase. Appellant said in his statement that he saw Gonzales being chased from the store. Gonzales stopped at one point and threatened his pursuers with a knife he pulled from his pocket. The employees continued to pursue Gonzales at a safe distance in order to avoid being stabbed. Villarreal then ran into a local convenience store to call the police.

Finally, the pursuers managed to corner Gonzales and disarm him in a neighborhood several blocks from the supermarket. Guillerma Garcia, one of the pursuers, wrestled Gonzales to the ground and held him there in a headlock he described as a full Nelson. Appellant and Velasques then drove up to the scene. Both demanded that Gonzales be freed. Velasques picked up a two-by-four and hit Garcia in the head once, but Garcia maintained his hold on Gonzales. Appellant then threatened to shoot Garcia if he did not let Gonzales go, reached into the pickup truck, and pulled into view what Garcia recognized as the plain wooden butt or stock of a pistol, though Garcia could not see the rest of the gun. Garcia then released Gonzales, who drove off with appellant and Velasques.

By his first point of error, appellant complains that the evidence is insufficient to sustain his conviction because the State failed to prove that the aggravated robbery was committed with the use of a firearm. In his argument appellant complains both that the evidence was insufficient to show that what appellant pulled from the truck was a firearm, and that appellant's actions did not show him to be a party to the offense committed by Gonzales.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

Villarreal testified at trial that he recognized the item appellant partially pulled from his truck as the butt of a pistol. It was not necessary for the witness to have seen the entire weapon or any particular part of it to identify it as a pistol. *Riddick v. State*, 624 S.W.2d 709, 711 (Tex.App.—Houston [14th Dist.] 1981, no writ); *see also Moore v. State*, 531 S.W.2d 140, 142 (Tex.Crim.App.1976). In *Riddick*, the witness saw only the end of a gun barrel sticking out of an unzipped bag. The familiar shape of a pistol grip is equally distinctive and gave rise to a reasonable inference on the part of Villarreal that

appellant had a pistol. No further evidence was required to show that what Villarreal perceived to be a pistol was in fact a pistol. *See Porter v. State*, 601 S.W.2d 721, 723 (Tex.Crim.App.1980).

However, we agree with appellant that the evidence is not sufficient to show that appellant aided Gonzales in his escape from his captors. Under the law of parties in Tex. Penal Code Ann. § 7.02 (Vernon 1974):

(a) A person is criminally responsible for an offense committed by the conduct of another if:

\*   \*   \*   \*   \*   \*

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. . . .

In determining whether an individual is a party to an offense and bears criminal responsibility, the court may look to events before, during, and after the commission of the offense. *Morrison v. State*, 608 S.W.2d 233, 234 (Tex.Crim.App.1980); *Wygal v. State*, 555 S.W.2d 465, 468–69 (Tex.Crim.App.1977). Mere presence of a person at the scene of the crime or even flight from the scene, however, without other incriminating evidence, is insufficient to sustain the conviction as a party to the offense. *Thompson v. State*, 697 S.W.2d 413, 417 (Tex.Crim.App.1985); *Chapa v. State*, 732 S.W.2d 730, 731 (Tex.App.—Corpus Christi 1987, no pet.)

A defendant can be convicted as a party if the evidence establishes that he participated in the commission of the offense by driving the getaway vehicle. *Thompson*, 697 S.W.2d at 417; *see also White v. State*, 671 S.W.2d 40, 43 (Tex.Crim.App.1984). The driver's conduct in effecting a speedy getaway suggests that he knows what is going on and the part he is expected to play.

In the present case, however, all that the evidence shows, viewed in the light most favorable to the prosecution, is that Gonzales was seen to conceal some meat in his pants and when leaving the store he made some kind of gesture to a man and woman, not otherwise identified. Later he was rescued from detention at the hands of the store employees by appellant and Velasques. This is not sufficient to show him to have known that there had been a theft or that one was intended, and, therefore, is insufficient to make him a party to the theft. We sustain appellant's first point of error.

By his second point of error, appellant complains that the evidence is insufficient to sustain the conviction because the State failed to prove that the violence accompanying the attempted escape occurred immediately after a completed theft. Appellant points to the requirement that the elements necessary to show robbery occur during the commission of, or in the "immediate flight" from a theft. Tex.Penal Code Ann. § 29.01(1) (Vernon 1974); *White*, 671 S.W.2d at 42. He contends that the final extrication of Gonzales by appellant is far enough removed in time and place from the original theft that it cannot be considered in the "immediate flight" from the theft. Our disposition of the first point of error will serve to also dispose of this point.

The judgment of the trial court is reversed and an acquittal is ordered.