TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00830-CR







Walter Lee Woodard, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 49,322, HONORABLE C. W. DUNCAN JR., JUDGE PRESIDING







 A jury found Walter Woodard guilty of aggravated assault with a deadly weapon
and the district court assessed punishment at twenty-five years in prison. See Tex. Penal Code
Ann. § 22.02(a)(2) (West 1994). Appellant raises three issues contending that the evidence was
legally and factually insufficient to support his conviction and that his trial counsel was
ineffective. We will affirm the conviction. 


Background


 Appellant was indicted for intentionally and knowingly using a gun to threaten
Phillip Walker with imminent bodily injury. 

 Walker testified that on November 7, 1998 at about 9:00 p.m. he drove his friend
Chris Carroll to a convenience store in Belton to buy some cigarettes. Walker waited in his
pickup while Carroll went in the store to buy the cigarettes. While Carroll was inside, a red car
drove into the store's parking lot and pulled in just to the right of Walker's car. About that time,
Carroll came out of the store and went over to the outside pay phone to talk with some girls he
knew who were standing by the phone. Appellant got out of the red car and came over to
Walker's car. Walker had never before seen appellant. Appellant, while leaning on the driver's-side window, said "hello" and told Walker he was "wearing the wrong colors around here." 
Appellant then told Walker to "throw down [his] money or else he was going to kill [him]." 
Walker asked him what was the problem to which appellant replied, "[D]on't worry about it. Just
give me your money or else I'm going to kill you." While appellant was telling Walker a second
time to give him his money, appellant lifted his shirt to show Walker that he had a gun tucked into
the waistband of his pants. At this point, Walker removed his wallet. Appellant reached into the
pickup, grabbed the wallet, and immediately started going through it. Appellant took the six
dollars that were in Walker's wallet and then threw the wallet back at Walker. Carroll returned
to the pickup and appellant asked Carroll for his wallet. He lifted his shirt again showing the gun. 
Carroll told him he did not have a wallet. Appellant then told Carroll "if he was lying to him he
was going to kill both of [them]." Appellant told Walker and Carroll to leave the store. As
Walker and Carroll drove away, they both looked back and memorized the license plate from the
red car. They returned to Carroll's house and called the police. 

 Carroll also testified and his recollection of the evening's events was essentially the
same as Walker's. When he came out of the store, he went over to the outside pay phone to make
a quick phone call and to talk with some girls he knew who were standing around the phone. He
noticed the red car pull into the parking lot but did not pay much attention to who got out of it. 
When he returned to Walker's pickup, he saw appellant leaning inside the driver's-side window
talking to Walker. At first, he thought Walker was just talking with someone he knew. When
Carroll got into the truck, he realized that appellant had Walker's wallet and was looking through
it. Appellant then threw Walker's wallet back into his lap and appellant told Carroll "if he didn't
give up [his] money he was going to kill [him]." Carroll told appellant he did not have any
money. Appellant lifted his shirt and showed Carroll he had a gun tucked into his waistband. 
Appellant told Carroll again if he did not give up his money he was going to kill him. Carroll
told him that he did not have any money. Carroll testified that appellant told the two that "if he
ever saw us there again, he would kill us." Carroll testified that appellant left in the red car about
the same time he and Walker left the convenience store. As Walker and Carroll drove away,,
they looked back and memorized the license plate of the red car. 

 Derrick Felts, the owner of the red car also testified about the events at the
convenience store that night. He, appellant, and another person arrived at the store around 9:00
p.m. to buy beer. All three got out of the car, Felts and the third party went into the store to buy
the beer, and appellant went to talk with a man sitting in a blue pickup parked next to them. Felts
was in the store about five or ten minutes buying the beer and as he came outside, appellant was
walking back to the car. The three then drove away. Felts never saw appellant with a gun that
night. Felts and appellant worked together. Later, when the police came to the place where Felts
and appellant worked, Felts gave a written statement to the police. In the statement, he said that
appellant had asked him to be quiet if the police asked if he knew anything about what happened
at the convenience store. Appellant did not testify at trial.


Discussion


 A person commits aggravated assault if the person intentionally and knowingly
threatens another person with imminent bodily injury and uses a deadly weapon. See Tex. Penal
Code Ann. § 22.02(a)(2). In his first and second issues, appellant complains that the evidence is
legally and factually insufficient to support his conviction. Specifically, appellant contends that
the evidence was insufficient to show that he threatened Walker with imminent bodily injury and
that he used a gun.

 The standard for reviewing the legal sufficiency of the evidence is whether, viewing
the evidence in a light most favorable to the jury's verdict, any rational trier of fact could have
found beyond a reasonable doubt all the essential elements of the offense charged. See Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). 
 The standard for reviewing the factual sufficiency of the evidence is whether a
neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the
proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine
confidence in the jury's determination. See Johnson v. State, No. 1915-98, slip op. at 18 (Tex.
Crim. App. Feb. 9, 2000). When conducting a factual sufficiency review, the evidence is not
viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. See
Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A verdict may be set
aside only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. See Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd as untimely filed). 

 The jury is the exclusive judge of the credibility of the witnesses and the weight
to be given their testimony, and may accept or reject all or any part of the evidence. See Miller
v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). The fact finder may draw
reasonable inferences and reasonable deductions from the evidence. Id. We must not reweigh
the evidence and set aside a verdict merely because we feel that a different result is more
reasonable. Clewis, 922 S.W.2d at 135; Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin
1997, pet. ref'd). We must maintain appropriate deference to the jury's verdict by finding error
only when the record clearly indicates that the verdict is wrong and manifestly unjust. See
Johnson, slip op. at 13; Reina, 940 S.W.2d at 773. 

 Appellant first contends that the evidence is insufficient to show that he threatened
Walker with imminent harm. In support of his contention, appellant refers only to portions of
evidence that show a threat of future harm and does not refer to any testimony that shows a
present, imminent threat of harm. 

 Walker testified that appellant told him to throw down his money or appellant
would kill him. According to Walker, appellant then told Walker to give him his money or he
would kill him. At the same time appellant was demanding money from Walker in a menacing
manner and threatening to kill him, appellant showed Walker his gun tucked into his waistband. 
Walker, upon hearing the threat and seeing the gun, immediately complied with appellant's
request and handed over his money. A rational trier of fact could have found beyond a reasonable
doubt that there was an imminent threat of harm to Walker. Additionally, a finding that appellant
threatened Walker with imminent harm was not so against the great weight and preponderance of
the evidence as to be manifestly unjust. 

 Appellant next contends that the evidence was insufficient to show that he used a
gun. Appellant contends that because Walker only saw the handle of the gun rather than the entire
gun and because no gun was ever recovered in the police investigation, the evidence was
insufficient to show that he used a gun. Additionally, appellant contends that he never used a gun
because there is no evidence that he removed the gun from his waistband, brandished or pointed
the gun at Walker.

 It is not necessary for a witness to see the entire weapon or any particular part of
it to identify it as a gun. See Banda v. State, 758 S.W.2d 902, 903 (Tex. App.--Corpus Christi
1988, no pet.). Walker testified that he was familiar with guns and what they looked like. He
recognized the handle of the gun sticking out of appellant's waistband. In this case, the
appellant's exhibition of the gun during the course of the offense constituted a use of the gun to
put Walker in fear of imminent bodily injury--the aggravating element of the offense. See Maxwell
v. State, 756 S.W.2d 855, 858 (Tex. App.--Austin 1988, pet. ref'd). 

 Both Walker and Carroll testified that appellant lifted his shirt and showed them
that he had a gun in his waistband. He did this as he was threatening them with death unless they
gave him their money. A rational trier of fact could have found beyond a reasonable doubt that
appellant used a gun to place Walker in fear of imminent bodily injury. Additionally, a finding
that appellant used a gun to threaten Walker with imminent harm was not so against the great
weight and preponderance of the evidence as to be manifestly unjust. Appellant's second issue
is overruled.

 In his third issue, appellant complains that his counsel was ineffective because he
did not raise any objections during the entire trial. Appellant does not cite to any particular
instance during trial when he believes counsel should have raised an objection but failed to do so.

 To evaluate this claim, we first must examine whether counsel's conduct failed to
meet an objective standard for reasonable performance and whether that failure deprived the
appellant of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Ex parte
Walker, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989). The review of a claim of ineffective
assistance of counsel is highly deferential. Strickland, 466 U.S. at 689. There is a strong
presumption that counsel provided adequate assistance and made all the significant decisions in
the exercise of reasonable professional judgment. Id. at 690; see also Gravis v. State, 982
S.W.2d 933, 937 (Tex. App.--Austin 1998, pet. ref'd). Counsel is allowed wide latitude within
reasonable professional standards to make tactical decisions. Strickland, 466 U.S. at 689. We
look at the totality of the representation. Ex parte Carillo, 687 S.W.2d 320, 324 (Tex. Crim.
App. 1985); Mayhue v. State, 969 S.W.2d 503, 510 (Tex. App.--Austin 1998, no pet.). Appellate
courts will not speculate about counsel's trial strategy. Gravis, 982 S.W.2d at 37. The
representation need not be free of error. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984); Vasquez v. State, 819 S.W.2d 932, 938 (Tex. App.--Corpus Christi 1991, pet. ref'd). 
Finally, the client must show a reasonable probability that, but for counsel's errors, the result of
the proceedings would have been different. Id.

 An appellant may, however, rebut the presumption of effectiveness by providing
a record from which the reviewing court may determine that trial counsel's performance was not
based on sound trial strategy. See Gravis, 982 S.W.2d at 37. Appellant did not file a motion for
new trial, therefore, the only record on which appellant could overcome the presumption is the
trial record. See Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). The burden of
showing counsel was ineffective is particularly difficult to carry without an evidentiary hearing
dedicated to the issue of counsel's effectiveness. "In most instances, the record on direct appeal
is inadequate to develop an ineffective assistance claim." Ex parte Torres, 943 S.W.2d 469, 475
(Tex. Crim. App. 1997); see Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998);
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994); (1) Ex parte Duffy, 607 S.W.2d 507, 513 (Tex. Crim. App.
1980); Mayhue v. State, 969 S.W.2d at 511; see also Osorio v. State, 994 S.W.2d 249, 253 (Tex.
App.--Houston [14th Dist.] 1999, no pet.).

 Based on this record, we do not know whether any evidence was subject to a proper
objection or, if so, why defense counsel did not raise any objections. We do not know what
responses the State would have made. We do not know how the district court would have ruled. 
We do not know what steps the State might have taken had any particular evidence or testimony
been barred. The silent record gives no guidance, and the court of criminal appeals instructs us
not to speculate about counsel's motives. See Jackson, 877 S.W.2d at 771; see also Jackson, 973
S.W.2d at 957. This coupled with the presumption of competence requires that we overrule
appellant's third issue. 


Conclusion


 Because we have found that legally and factually sufficient evidence supports the
judgment and that appellant did not demonstrate that he received ineffective assistance of counsel,
we affirm the judgment of the district court.



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: May 11, 2000

Do Not Publish

1. The Jackson cases involve different defendants. Though both men's trials were in Harris
County district courts, the 1998 appellant was Demetrius Jackson and the 1994 case involved
Melvin Leon Jackson.


ive
assistance of counsel is highly deferential. Strickland, 466 U.S. at 689. There is a strong
presumption that counsel provided adequate assistance and made all the significant decisions in
the exercise of reasonable professional judgment. Id. at 690; see also Gravis v. State, 982
S.W.2d 933, 937 (Tex. App.--Austin 1998, pet. ref'd). Counsel is allowed wide latitude within
reasonable professional standards to make tactical decisions. Strickland, 466 U.S. at 689. We
look at the totality of the representation. Ex parte Carillo, 687 S.W.2d 320, 324 (Tex. Crim.
App. 1985); Mayhue v. State, 969 S.W.2d 503, 510 (Tex. App.--Austin 1998, no pet.). Appellate
courts will not speculate about counsel's trial strategy. Gravis, 982 S.W.2d at 37. The
representation need not be free of error. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984); Vasquez v. State, 819 S.W.2d 932, 938 (Tex. App.--Corpus Christi 1991, pet. ref'd). 
Finally, the client must show a reasonable probability that, but for counsel's errors, the result of
the proceedings would have been different. Id.